UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHRISTINA JENKINS,
Administratrix of the Estate of
JOHNATHAN STEWART,

    Plaintiff,

v.                               Civil Action No. 2:19-cv-00740

LIFE CHANGERS OUTREACH,
and BRADLEY WHITEHEAD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand, filed October 14, 2019.

I.

This civil action, originally filed in the Circuit Court of Logan County, West Virginia, concerns the April 16, 2019 death of Johnathan Stewart ("Stewart"). The complaint alleges that prior to his death, Stewart had joined a 12-month addiction treatment program run by defendant Life Changers Outreach ("Life Changers"). Compl. ¶¶ 4-6. During his participation in the 12-month program, he allegedly received counseling from a "licensed minister," defendant Bradley Whitehead ("Whitehead"). Id. ¶ 6. On or about April 15, 2019, Whitehead invited Stewart to his house before a graduation

ceremony celebrating Stewart's completion of the program, during which time they both allegedly used "illicit drugs." Id. ¶ 7. Later that night or early the next morning, Stewart "suffered a reaction from the illicit drugs" that required immediate attention, but Whitehead waited until approximately 7:00 a.m. to finally call 911 dispatch. Id. ¶¶ 8-9. By the time help arrived, Stewart was already dead. Id. ¶ 9.

On August 30, 2019, plaintiff Christina Jenkins ("Jenkins"), a resident of North Carolina, filed suit in the Circuit Court of Logan County as the administratrix of the estate of Stewart, her son. The complaint names Life Changers and Whitehead as defendants.

Life Changers, a Tennessee corporation, was served a copy of the summons and complaint on September 12, 2019, after which it filed a notice of removal on October 10, 2019. Plaintiff moved to remand, arguing that because Whitehead and Stewart are West Virginia residents, plaintiff did not comply with the diversity of citizenship requirement under 28 U.S. Code § 1441(b)(2). See Pl.'s Mot. Remand 2-3. In response, Life Changers argues that Whitehead is a Kentucky citizen, attaching a copy of Whitehead's Kentucky driver's license and a copy of his completed 2017 Form W-4, Employee's Withholding Allowance Certificate ("W-4") that he submitted to his employer for

withholding federal income tax. On November 22, 2019, Whitehead filed a notice that he joins in and consents to removal.

II.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "Removal jurisdiction is to be construed narrowly, and when jurisdiction is doubtful, remand is proper." Caufield v. EMC Mortg. Corp., 803 F. Supp. 2d 519, 529 (S.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chemicals Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994)).

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); Rosmer v. Pfizer, 263 F.3d 110, 123 (4th Cir. 2001). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national

3

citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." Johnson v. Advance Am., 549 F.3d 932, 940 (4th Cir. 2008) (alteration in original) (quoting Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998)). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). The Fourth Circuit assesses domicile based on various factors, including "voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017). In evaluating the parties' domicile, "complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed." Martinez v. Duke Energy Corp., 130 F. App'x 629, 634 (4th Cir. 2005).

According to the allegations in the complaint, the administratrix Jenkins is a resident of North Carolina, Life Changers is a resident of Tennessee, and Whitehead is a resident of West Virginia. Compl. ¶¶ 1–3; Not. Removal ¶ 4. As the

4

legal representative of the decedent Stewart's estate, however, plaintiff is "deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Attached to plaintiff's motion to remand is Stewart's death certificate, which indicates that he was a West Virginia resident at the time of his death. Pl.'s Mot. Remand, Ex. A. Because plaintiff is a resident of West Virginia under § 1332(c)(2) and the complaint alleges that Whitehead is a resident of West Virginia, plaintiff contends that there is no diversity of citizenship to warrant removal.

Life Changers argues that Whitehead is domiciled in Kentucky, not West Virginia. In its response and supplemental response to the motion to remand, Life Changers attaches a copy of a 2017 W-4 showing Whitehead's home address is in Kentucky and Whitehead's Kentucky driver's license issued on August 1, 2019. See Resp., Ex. B; Suppl. Resp., Ex. B. Indeed, plaintiff's motion admits that "Mr. Whitehead left West Virginia prior to the filing of this civil action." Pl.'s Mot. Remand 3. The only materials provided by plaintiff supporting Whitehead's alleged West Virginia citizenship is proof that Whitehead was served through the West Virginia Secretary of State. Id., Ex. C. Yet, plaintiff provides no case law to support the assertion that proof of service is enough to establish a party's domicile. Moreover, plaintiff never filed a reply to address how copies of Whitehead's W-4 and driver's license affect his domicile.

5

Based on the driver's license and W-4, the court finds that Whitehead began to be a citizen of Kentucky before this action was filed in state court and remains a citizen of Kentucky. See Scott, 865 F.3d at 195; Ward v. Walker, 725 F.Supp.2d 506, 510 (D.Md.2010) (driver's license bears on question of citizenship).

For complete diversity to exist, Life Changers must also be a citizen of a state other than West Virginia. A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The notice of removal asserts that Life Changers is a foreign corporation with its principal place of business in Tennessee. Not. Removal ¶ 4.c. Inasmuch as plaintiff does not dispute that Life Changers is a Tennessee corporation, the court finds that Life Changers is not a citizen of West Virginia.

Therefore, the removal is justified pursuant to § 1441 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

Accordingly, it is ORDERED that plaintiff's motion to remand be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

DATED: December 3, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge